UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case. No. 06-80636-CIV-COHN/SNOW

HOWARD McDOWELL, JR., on his
own behalf and other similarly situated,

       Plaintiff,

v.

GREENER IMAGE, INC., a Florida
Corporation,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSION

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Request for Admission [DE 41]. The Court has considered Plaintiff's Motion, Defendant's Response [DE 43], Plaintiff's Reply [DE 45] and the parties' oral arguments at Calendar Call on March 15, 2007, and is otherwise duly advised in the premises.

Plaintiff files this Motion to Strike, contending that his Request for Admission was properly served upon Defendant in September 2006, and that Defendant's Response, filed on March 9, 2007, is well outside the applicable time limits and should be stricken. Defendant responds that it did not receive the Request for Admissions until March 9, 2007, and responded immediately, and requests in the alternative that the Court permit withdrawal or amendment of the Admission.

Pursuant to Fed. R. Civ. P. 36(b), the Court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby

and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Defendant is not seeking withdrawal of the admission, but rather request that the Court allow it to be amended by way of its Response to the Request for Admissions, filed March 9, 2007. Rule 36(b) places an emphasis on the importance of resolving an action on the merits, rather than by admission. See Smith v. First Nat'l Bank, 837 F.2d 1575, 1577 (11th Cir. 1988). In this instance, the Court finds that the presentation of the merits of this action will be subserved by allowing the amendment of the admission. The matters contained in Plaintiff's Request for Admission include jurisdictional questions regarding the applicability of the Fair Labor Standards Act and the subject matter jurisdiction of this Court, as well as substantive questions regarding Defendant's liability for overtime wages. These are matters of significance in this case, and the failure to respond to any Request for Admission served in September 2006 appears to have been inadvertent, at most excusable neglect, on the part of the Defendant. The Court therefore finds that allowing Defendant to amend its admission to respond to these issues will subserve the presentation of the merits of this action.

The Court must next consider whether the Plaintiff has satisfied the Court that withdrawal or amendment will prejudice him in maintaining the action on the merits. Plaintiff has asserted that the prejudice caused is that he did not pursue additional discovery on the issues addressed in the Request for Admission and has been hindered in his preparation for trial. However, the Eleventh Circuit has rejected a similar argument for finding prejudice, noting that a party must show some actual difficulty in proving its case, such as due to the unavailability of key witnesses or a

sudden need to obtain evidence.  Perez v. Miami-Dade County, 297 F.3d 1255, 1267 (11th Cir. 2002).  Plaintiff admits that he has obtained the deposition of the owner of the business and does not assert that a representative of Greener Image will be unavailable to testify, or that he will otherwise be unable to prove the merits of his action.  Further, Defendant filed the amendment to its admission on March 9, 2007, over a week before the start of the trial in this matter.  The Eleventh Circuit has specifically noted that a court is more likely to find prejudice because of a sudden need to obtain evidence where a party seeks to withdraw or amend admissions after a trial has begun, id., which is certainly not the case here.  Therefore, Plaintiff's arguments are insufficient to satisfy this Court that Plaintiff has been prejudiced in maintaining the action on the merits.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Request for Admissions [DE 41] is **DENIED**.

2. Defendant is granted leave to amend its Admission, and the Court deems the Defendant's Response to Request for Admissions [DE 35], filed on March 9, 2007, to be such amendment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of March, 2007.

JAMES I. COHN
United States District Judge

3

Copies provided to:

Counsel of record